**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELSER ORESTE MIGUEL-HENRIQUEZ,<br><br>*Petitioner*,<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-08907<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Elser Oreste Miguel-Henriquez ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.)

Petitioner alleges that an Immigration Judge granted him withholding of removal to Honduras on December 9, 2022, and that the parties waived appeal, rendering the removal order administratively final that day. (*Id.* ¶¶ 2—3; ECF No. 5-2.) Petitioner further alleges that, after being released into the community, he remained at liberty for more than three years without incident before ICE arrested him on July 9, 2026. (ECF No. 1 ¶ 5.) The Court entered an Order to Show Cause requiring Respondents to explain why the Petition should not be granted and directing Respondents to provide the portions of the administrative record necessary for the Court's review. (ECF No. 3.)

Respondents contend that Petitioner's detention is lawful under 8 U.S.C. § 1231(a) because he is subject to a final order of removal. (ECF No. 5.) According to Respondents, Petitioner's removal period commenced when ICE arrested him on July 9, 2026, and therefore he had been

detained for only fourteen days when Respondents filed their response. (*Id.* at 2–3.) Respondents rely principally on the mandatory-detention provision applicable during the 90-day removal period. See 8 U.S.C. § 1231(a)(2); *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021).

Respondents' argument, however, conflates the date on which Petitioner was taken into physical custody with the statutory commencement of the removal period. Section 1231(a)(1)(B) provides that the removal period begins on the latest of three specified dates, including "the date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). Here, Respondents' own submission establishes that the Immigration Judge entered Petitioner's order on December 9, 2022, and that both Petitioner and the Government waived appeal. (ECF No. 5-2; ECF No. 5 at 2.) Respondents identify no judicial review accompanied by a stay and no period of non-immigration confinement that would alter the commencement date under § 1231(a)(1)(B). Nor do Respondents contend that § 1231(a)(1)(C) applies because Petitioner failed or refused to make timely application in good faith for travel or other documents necessary for his removal or otherwise acted to prevent his removal.

The 90-day removal period therefore expired in 2023. The Government has not identified any statutory basis for treating Petitioner's July 9, 2026 arrest as commencing a new 90-day removal period.

The expiration of the 90-day period does not, standing alone, require Petitioner's release. Section 1231(a)(6) authorizes detention beyond the removal period in certain circumstances. But the Supreme Court has construed that provision to contain an implicit limitation: detention may continue only for the period reasonably necessary to bring about the noncitizen's removal. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Where removal is not reasonably foreseeable, continued detention is not authorized by § 1231(a)(6). *Id.* at 699.

The present record does not establish that Petitioner's removal is reasonably foreseeable. Although Respondents establish that Petitioner is subject to a final order of removal, they do not identify any country to which Petitioner may presently be removed. In particular, the record reflects that an Immigration Judge granted Petitioner withholding of removal to Honduras. (ECF No. 5-2.) Respondents do not identify a third country that has agreed to accept Petitioner, any travel document issued by such country, any pending request for such documentation, or any concrete removal date or other evidence demonstrating a significant likelihood of removal in the reasonably foreseeable future. (See ECF No. 5.)

Nor does Respondents' response address Petitioner's contention that ICE failed to provide the custody-review procedures applicable to prolonged detention under 8 C.F.R. §§ 241.4 and 241.13. (See *id.*) Those regulations establish procedures for reviewing continued detention where removal cannot be accomplished, including circumstances in which removal is not significantly likely in the reasonably foreseeable future. See 8 C.F.R. §§ 241.4, 241.13. Respondents have not demonstrated that such review occurred or that any resulting determination is supported by evidence establishing a reasonably foreseeable prospect of removal. (See ECF No. 5.)

The Court recognizes that Petitioner had been detained for only a relatively short period when Respondents filed their response. But the relevant inquiry is not simply the number of days Petitioner has spent in physical custody. The Government must have statutory authority to continue his detention, and § 1231(a)(6), as construed by *Zadvydas*, does not authorize detention where removal is not reasonably foreseeable. 533 U.S. at 699. On the present record, Respondents have not supplied a sufficient factual basis for concluding that Petitioner's removal is reasonably foreseeable.

Accordingly, the Court concludes that continued detention under § 1231(a)(6) is not

presently authorized. Petitioner is therefore entitled to habeas relief. This disposition does not disturb the underlying order of removal or Petitioner's withholding of removal to Honduras. It requires only that Petitioner not remain in immigration custody absent a lawful basis for detention. Accordingly,

**IT IS** on this 23rd day of September 2026,

**ORDERED** that the Petition for a Writ of Habeas Corpus, (ECF No. 1), is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE Petitioner forthwith** from immigration custody within twenty-four (24) hours of the filing of this Order, subject to such reasonable conditions of supervision as DHS is authorized by law to impose; and it is further

**ORDERED** that the Court's July 17 and July 20, 2026 Orders prohibiting Petitioner's transfer outside the District of New Jersey, (ECF Nos. 2, 3), are **VACATED as moot** upon Petitioner's release; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

Hon. Karen M. Williams,
**United States District Judge**